An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN MICHAEL BENNETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62973



FILED

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of discharging a firearm out of a motor vehicle, first-degree arson, and two counts of discharging a firearm at or into a building. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant's convictions resulted from several offenses committed over the course of two days in December 2011, including firing shots from his vehicle into a police station and setting a post office on fire. Pursuant to a negotiation, the parties agreed to consecutive sentences that would allow appellant parole eligibility after 6 years in prison, which reflected the total minimum prison terms for the offenses. The district court sentenced appellant to consecutive terms in prison that resulted in parole eligibility after 11 years in prison. During sentencing, the district court queried the parties about whether release credits for a category B felony applied to the minimum sentence. Counsel advised that they did not; the prosecutor explained that "Category-B felons accrue time off the front end, not the off the back end." The district court accepted the prosecutor's representation. Appellant argues that the prosecutor's erroneous representation constituted a breach of the plea agreement and

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31148

facilitated the district court in sentencing him predicated on an incorrect understanding of law. Specifically, he contends that the district court's reliance on the prosecutor's mistake of law worked to his extreme detriment because he would have been eligible for parole after 6 years if the sentence agreed upon in the plea agreement had been imposed.

While the prosecutor's comments concerning the application of release credits was erroneous, *see* NRS 202.285(1)(b) (discharging a firearm at or into a structure); NRS 202.287(1)(b) (discharging a firearm out of a motor vehicle); NRS 205.010 (first-degree arson); NRS 209.4465(7), (8) (credits on terms of imprisonment), we conclude that the prosecutor's comments did not amount to a breach of the plea agreement where she merely responded to a query by the district court, *see United States v. Block*, 660 F.2d 1086, 1091 (5th Cir. 1981) ("Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement."), and she expressly argued in favor of a 6-year minimum sentence in accordance with the plea agreement. Moreover, the record does not show that the incorrect information influenced the district court's sentencing decision. In sentencing appellant, the district court noted that "it's because of the toxic nature of this bizarre criminal behavior, that I have concluded that you do not fall within the minimum set forth in our statute"; the district court further explained, "I don't believe that the maximum is appropriate . . . because of the lack of history, and the probable nature of mental-health deficits." From these comments, the district court's decision appears to have been based on the nature of the offenses and the defendant's character and unrelated to release credits.

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                 Cherry


cc:    Hon. David A. Hardy, District Judge
       Dennis A. Cameron
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]Despite counsel's verification that the fast track statement complies with the formatting requirements of NRAP 32(a)(4), the fast track statement does not comply because it is not double-spaced. *See* NRAP 3C(h)(1). We caution appellant's counsel that future failure to comply with the Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n); NRAP 28.2(b).